## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**RODNEY SMITH, #65564**                                                                                    **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:16-cv-84-HSO-JCG**

**ROB WILLIAMS, ET AL.**                                                                           **DEFENDANTS**

### ORDER

BEFORE THE COURT is Plaintiff's letter Motion [ECF No. 7] seeking (1) appointment of counsel, (2) to speak with an investigator regarding his criminal charges and (3) release from incarceration, filed in the § 1983 case.[1]  Upon review of Plaintiff's letter Motion, the Court has reached the following conclusions.

On May 6, 2016, an Order [ECF No. 11] was entered severing Plaintiff's habeas claims from this § 1983 action and directing that a habeas corpus case be opened for Plaintiff's claims seeking release from incarceration.  *See Smith v. Williams*, 1:16-cv-154-HSO-JCG.  The Order further directed that the instant Motion [ECF No. 7] also be filed in Smith's habeas corpus case. Therefore, to the extent Smith's Motion is requesting to speak with an investigator regarding his criminal charges and release from incarceration in this § 1983 case, it is denied without prejudice to Smith's pursuit of these claims in his pending habeas corpus case.

Turning to Plaintiff's request for appointment of counsel, the Court notes that there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915.  *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990).  Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding *in forma pauperis*; it does not

---

[1] Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915.  *See* Order [ECF No. 10].

authorize the Court to make coercive appointments of counsel. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon*, 911 F.2d at 1166; *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson Cnty. Commissioners Ct.*, 778 F.2d 250, 253 (5th Cir. 1985); and *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253; and *Ulmer*, 691 F.2d at 212.

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the Plaintiff, but also possibly to the Court and the Defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock Cnty., Tex.*, 929 F.2d 1078, 1084 (5th Cir.1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253; and *Ulmer*, 691 F.2d at 213.

This Court is given considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 211. The Court does not find the Plaintiff's case to be particularly complex

and his filings to date have demonstrated that he can effectively communicate with the Court.  At this time the Court does not find the presence of "exceptional circumstances."  Accordingly, counsel will not be appointed to the Plaintiff at this juncture in the proceedings.

**IT IS THEREFORE ORDERED AND ADJUDGED,** Plaintiff's letter Motion [ECF No. 7] filed in the § 1983 case is **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 10th day of May, 2016.

s/John C. Gargiulo
UNITED STATES MAGISTRATE JUDGE