**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **RODNEY SMITH** | **PLAINTIFF** |
| **v.** | **1:16-cv-84-JCG** |
| **ROB WILLIAMS, et al.** | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF NO. 79); FINDING MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF NO. 49); GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO STATE LAW CLAIMS (ECF NO. 39); GRANTING PLAINTIFF'S MOTION TO DISMISS FALSE ARREST CLAIM (ECF NO. 86); AND DENYING PLAINTIFF'S MOTION TO ORDER ADMINISTRATION AT PEARL RIVER COUNTY JAIL TO ANSWER GRIEVANCES AND ADMINISTRATIVE REMEDY REQUEST (ECF NO. 61)**

BEFORE THE COURT are five motions: a Motion to Dismiss False Arrest Claim (ECF No. 86) and a Motion to Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request (ECF No. 61) filed by Plaintiff Rodney Smith; and a Motion for Summary Judgment (ECF No. 79), a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 49), and a Motion for Judgment on the Pleadings as to State Law Claims (ECF No. 39) filed by Defendants Rob Williams and Pearl River County, Mississippi. Defendants' Motion for Judgment on the Pleadings and Motion for Summary Judgment for Failure to Exhaust Administrative Remedies are fully briefed, as is Plaintiff's Motion to Order Administration to Answer Grievances. Plaintiff responded to Defendants' Motion for Summary Judgment following the

Court's issuance of an Order to Show Cause (ECF No. 87). (ECF No. 89). For the reasons that follow, Plaintiff's Motion to Dismiss False Arrest Claim (ECF No. 86) will be GRANTED, Plaintiff's Motion to Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request (ECF No. 61) will be DENIED, Defendants' Motion for Judgment on the Pleadings as to State Law Claims (ECF No. 39) will be GRANTED, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 49) will be DENIED AS MOOT, and Defendants' Motion for Summary Judgment (ECF No. 79) will be GRANTED.

## I. BACKGROUND

Plaintiff Rodney Smith is an inmate currently incarcerated at the Central Mississippi Correctional Facility in Pearl, MS. He filed his Complaint (ECF No. 1) while incarcerated at the Lenoir Rowell Criminal Justice Center ("LRCJC") in Poplarville, Mississippi. His claims have been supplemented through responses to court orders (ECF Nos. 14, 32-33) numerous "attachments" (ECF Nos. 15-18, 20), motions to amend (ECF Nos. 9, 19), and testimony at the omnibus hearing[1] held January 18, 2017. Many of Plaintiff's claims have already been dismissed in prior Orders. *See* (ECF No. 22); (ECF No. 23); Text Order dated Jan. 19, 2017; (ECF No. 78). Remaining are his claims pursuant to 42 U.S.C. § 1983 and the Mississippi Tort Claims Act ("MTCA") against Defendants Rob Williams and Pearl River County, Mississippi. He proceeds *pro se* and *in forma pauperis*.

---

[1] The omnibus hearing functioned as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Plaintiff alleges that Defendant Williams, an officer with the Pearl River County Sheriff's Department, unlawfully seized Plaintiff when he arrested Plaintiff on January 13, 2015. (ECF No. 1, at 4). Plaintiff states that he had been serving a sentence of house arrest when he cut off his monitoring bracelet on December 23, 2014. *Id.* He asserts that Williams had no authority to arrest him because "Pearl River Co Sheriff did not have jurisdiction to charge me with anything." *Id.* He says this is because he "was under MDOC's custody" and the arrest was "just harassment from Det Rob Williams because of bad blood between [Plaintiff] and him from years ago." *Id.* Therefore, Plaintiff asserts that Defendant Williams wrongfully arrested him in violation of the Fourth Amendment.

Against Pearl River County, Plaintiff asserts denial of prompt dental care in violation of the Eighth Amendment. Plaintiff says that he filed a sick call request via the inmate kiosk at LRCJC on November 18, 2015, requesting to see a dentist for a broken tooth. *Id.* at 5. He testified that he saw a nurse the next day, who told him that he would be going to see a dentist soon. He says he sent four more sick call requests via the kiosk on December 9, 2015, January 8, 2016, January 29, 2016, and February 22, 2016 before finally seeing a dentist on February 26, 2016. *Id.*; (ECF No. 14, at 1). He says that the dentist had to pull five teeth out, which had been causing him tooth aches such that he "couldn't hardly eat." (ECF No. 14, at 1). He testified that he was given ibuprofen for the pain in response to his numerous sick calls. Plaintiff says that two other inmates went to see the dentist before him on

January 29, 2016, and neither had been at the LRCJC even sixty days. (ECF No. 9, at 5).

Plaintiff also makes a claim against Pearl River County for tampering with his mail. *Id.* at 6. He says that staff in the LRCJC mail room opened his legal mail and that he is not receiving all of the letters sent to him by his girlfriend. *Id.* He states that he is sure staff are tampering with his mail because he mailed a letter addressed to himself and he never received it. *Id.*[2]

## II. DISCUSSION

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss

[2] Plaintiff has alleged and restated various claims related to the loss of privileges and excessive bail; however, these claims were severed from the instant suit on May 6 ,2016 pursuant to District Judge Ozerden's Order Severing Habeas Claims (ECF No. 11).

those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

If a prisoner is proceeding *in forma pauperis*, and his complaint is dismissed on grounds that it is frivolous, malicious, or fails to state a claim, the dismissal counts as a strike. 28 U.S.C. § 1915(g). If a prisoner receives three strikes, he may no longer proceed *in forma pauperis* in a civil suit unless he is in imminent danger of serious physical injury. *Id.*

A. Plaintiff's Motion to Dismiss False Arrest Claim

In Plaintiff's Motion to Dismiss False Arrest Claim (ECF No. 86), Plaintiff seeks "to dismiss the False Arrest Claim against Det Rob Williams," but "ask[s] that all other claims stay in Place." (ECF No. 86, at 1). The Court construes this Motion as a Motion to Voluntarily dismiss Plaintiff's claims against Defendant Williams for unlawful arrest. Defendants filed a Response (ECF No. 88) indicating no opposition. Because Defendants do not oppose Plaintiff's voluntary dismissal of his unlawful arrest claims against Defendant Williams, Plaintiff's Motion (ECF No. 86) is granted. All claims against Defendant Williams are therefore dismissed without prejudice.

B. Plaintiff's Motion to Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request

Plaintiff's Motion to Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request (ECF No. 61) seeks a Court order directing the administrators of LRCJC to respond to grievances that Plaintiff has filed at the jail: "The Plaintiff has filed grievances and request[s] with

the Capt[ain] and Major and they will not respond at all." (ECF No. 61, at 1). Notwithstanding the fact that this Motion seems to pertain to conduct that occurred after Plaintiff filed suit (and therefore could not have been properly exhausted), Plaintiff is not entitled to a court order directing jail administrators to respond to his grievances. Plaintiff has no constitutional right to the existence of a grievance procedure and no due process liberty interest in having his grievance resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 374-75 (5th Cir. 2005); *Guillory v. Hodge*, No. 2:14-cv-156-MTP, 2015 WL 1968636, at *1 (S.D. Miss. Apr. 30, 2015); *see also Lijadu v. I.N.S.,* 2007 WL 837285, at * 3 (W.D. La. Feb. 21, 2007) ("[D]etainees 'do not have a constitutionally protected right to a grievance procedure' – much less one that complies with their own personal preferences."). Plaintiff's Motion to Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request (ECF No. 61) is, therefore, denied.

C. <u>Defendant's Motion for Judgment on the Pleadings as to State Law Claims</u>

Defendants Rob Williams and Pearl River County filed a Motion for Judgment on the Pleadings as to State Law Claims (ECF No. 39). As all claims against Defendant Williams have been dismissed, the Court will only assess the arguments made on behalf of Pearl River County. Pearl River County argues that Plaintiff's claims pursuant to the MTCA against Pearl River County "are barred by the notice of claim provisions of the [MTCA], as well as the inmate exception of the MTCA." (ECF No. 40, at 2). Plaintiff filed a Response in Opposition (ECF No. 58), which does not address Defendant's arguments, instead restating his claims against

all defendants and asserting that he has properly exhausted administrative remedies. *See* (ECF No. 58, at 1-7). The Court agrees that Plaintiff's claims against Pearl River County pursuant to the MTCA are barred by the notice of claim provision.

The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

> The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.*

The MTCA provides the exclusive remedy against a governmental entity or employee for Plaintiff's claims regarding dental care and mail tampering. Miss. Code Ann. § 11-46-5. Any person bringing an action pursuant to the MTCA "shall proceed as he might in any action at law or in equity, except that at least ninety (90) days before instituting suit, the person must file a notice of claim with the chief executive officer of the governmental entity." Miss. Code Ann. § 11-46-11(1). This notice of claim must be served upon the chancery clerk of the county sued, be in writing, be delivered in person or by registered or certified mail, and "contain a short and plain statement of the facts upon which the claim is based." *Id.* §§ 11-46-11(2)(a)-(b). "The MTCA's notice requirement 'is a hard-edged, mandatory rule

which the Court strictly enforces.'" *Seymour v. Necaise*, No. 1:11-cv-50-LG-RHW, 2013 WL 886056, at *5 (S.D. Miss. Mar. 8, 2013) (quoting *Univ. of Miss. Med. Ctr. V. Easterling*, 928 So. 2d 815, 820 (Miss. 2006)).

Plaintiff has not alleged that he filed a notice of claim with the chancery clerk of Pearl River County before filing suit or otherwise attempted to demonstrate compliance, and he does not challenge Defendant's assertion that he has not done so. Plaintiff cannot proceed with his MTCA claims against Pearl River County without having first filed a timely notice of claim. Accordingly, his MTCA claims against Pearl River County must be dismissed without prejudice and Defendants' Motion (ECF No. 39) must be granted. *See Alidoust v. Hancock Cty., Miss.*, No. 1:17-cv-35-LG-RHW, 2017 WL 3298682, at *3 (S.D. Miss. Aug. 2, 2017).

D. Defendants' Motion for Summary Judgment

Defendants Rob Williams and Pearl River County filed a Motion for Summary Judgment (ECF No. 79), asserting that Plaintiff's claims against Defendants Williams and Pearl River County should be dismissed for failure to state a claim for which relief can be granted. Again, as all claims against Defendant Williams have been dismissed, the Court will only assess the arguments made on behalf of Pearl River County. In its Motion, Pearl River County argues that Plaintiff has failed state an actionable claim pursuant to 42 U.S.C. § 1983 because Plaintiff has failed to demonstrate either (1) a violation of his constitutional rights or (2) a custom, policy, or practice maintained by Pearl River County that caused any constitutional violation. (ECF No. 80, at 12-13). Plaintiff filed a Response (ECF No.

89) to Defendant's Motion, stating only that he proceeds with his claims for "cruel and unusual punishment and inadequate medical care," but that "[a]ll other claims can be dismissed." (ECF No. 89, at 1). Having considered Plaintiff's allegations, Defendant's arguments, and relevant law, the Court must find that Plaintiff's allegations do not identify any policy, custom, or practice of Pearl River County as the cause for tampering with Plaintiff's mail or any delay in Plaintiff's dental care.

i. Summary Judgment Standard

Summary Judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which they believe demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-25. If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 324-25.

The Plaintiff may not rest upon mere allegations in his Complaint, but must set forth specific facts showing the existence of a genuine issue for trial. *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005). In the absence of any proof, the Court will not assume that Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

ii. Municipal Liability Under 42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of state law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005) (citing *West v. Atkins,* 487 U.S. 42, 48-50 (1988); *Piotrowski v. City of Houston,* 51 F.3d 512, 515 (5th Cir. 1995)). "A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. N.Y. City Dept. of Social Servs.,* 436 U.S. 658, 692 (1978)).

> Plaintiffs who seek to impose liability on local governments under § 1983 must prove that action pursuant to official municipal policy caused their injury. Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. These are action[s] for which the municipality is actually responsible.

*Id.* at 60-61 (citations and internal quotation marks omitted).

Plaintiff does not allege that either the three-month delay in dental care or tampering with his mail was the result of an official policy, practice, or custom of

Pearl River County. Rather, he describes only the actions of individual correctional officers unnamed in the suit. Plaintiff mentions seeing a nurse at LRCJC who said he would soon see a dentist, and he mentions staff in the mail room opening his mail. "But, under § 1983, local governments are responsible only for 'their *own* illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Id.* at 60. Accordingly, Plaintiff's claims against Pearl River County pursuant to § 1983 must fail as a matter of law; they will be dismissed for failure to state a claim.

E. Motion for Summary Judgment for Failure to Exhaust Administrative Remedies

Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 49) argues that Plaintiff's §1983 claims, other than his claim for delayed dental care, were not properly exhausted before Plaintiff filed suit. However, the Court has already addressed these claims on the merits. The Motion (ECF No. 49) will, therefore, be denied as moot.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss False Arrest Claim (ECF No. 86) is **GRANTED**, Plaintiff's Motion to Order Administration at Pearl River County Jail to Answer Grievances and Administrative Remedy Request (ECF No. 61) is **DENIED**, Defendants' Motion for Judgment on the Pleadings as to State Law Claims (ECF No. 39) is **GRANTED**, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative

Remedies (ECF No. 49) is **DENIED AS MOOT**, and Defendants' Motion for Summary Judgment (ECF No. 79) is **GRANTED**.

Plaintiff's claims against Defendant Rob Williams are dismissed without prejudice pursuant to Plaintiff's voluntary dismissal of these claims. Plaintiff's claims against Pearl River County are dismissed without prejudice as to his MTCA claims, with prejudice as to his § 1983 claims, and in both instances for failure to state a claim for which relief can be granted. Plaintiff Rodney Smith is accordingly assessed a strike pursuant to 28 U.S.C. § 1915(g).

**SO ORDERED,** this the 17th day of August, 2017.

s/ John C. Gargiulo
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE